1  ARTURO J. GONZÁLEZ (CA SBN 121490)
   AGonzalez@mofo.com
2  SAM STEFANKI (CA SBN 293330)
   SStefanki@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  SEAN P. GATES (CA SBN 186247)
   SGates@mofo.com
7  DEBRA URTEAGA (CA SBN 278744)
   DUrteaga@mofo.com
8  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
9  Los Angeles, California 90017-3543
   Telephone: 213.892.5200
10
   Attorneys for Plaintiff
11
   BRUCE D. PRAET (CA SBN 119430)
12 bpraet@aol.com
   FERGUSON, PRAET & SHERMAN
13 A Professional Corporation
   1631 East 18th Street
14 Santa Ana, California 92705
   Telephone: 714.953.5300
15 Facsimile: 714.953.1143

16 Attorney for Defendants

17                        UNITED STATES DISTRICT COURT

18                       EASTERN DISTRICT OF CALIFORNIA

19                                FRESNO DIVISION

20

21 | NORBERTO AZUA, JR.                                    | Case No. 1:14-CV-00198-AWI-SMS |
22 |                      Plaintiff,                       | **STIPULATION AND ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT** |
23 |         v.                                            | |
24 | CITY OF PARLIER, a municipal corporation; and DOES 1 through 20, inclusive, | Complaint filed: February 12, 2014 |
25 |                      Defendants.                      | |

1    Plaintiff Norberto Azua, Jr. and Defendants City of Parlier and Does 1 through 20,
2 through their respective counsel, make the following stipulation:
3    WHEREAS Plaintiff filed his original complaint in this action before knowing the names
4 of the individual Parlier Police Department officers involved in the events of August 11, 2013
5 referenced in Plaintiff's complaint;
6    WHEREAS Plaintiff has since learned the names of these individual officers during the
7 course of discovery;
8    WHEREAS Plaintiff now desires to amend his complaint to add these individual officers
9 as parties against whom his claims are asserted;
10    WHEREAS a copy of the amended complaint to be filed pursuant to this stipulation is
11 attached as Exhibit A;
12    IT IS HEREBY STIPULATED AND AGREED, subject to approval by the Court:
13    1. Plaintiff may file an amended complaint naming Parlier Police Department
14       officers Jonathan Pierro and Adolfo Jimenez as defendants in this action; and
15    2. Counsel for Defendants will accept service of the First Amended Complaint on
16       behalf of the additional named defendants.

18 Dated: April 29, 2015          ARTURO J. GONZÁLEZ
                                  SEAN P. GATES
19                                DEBRA URTEAGA
                                  SAM STEFANKI
20                                Morrison & Foerster LLP

21                     By:   */s/ Sean P. Gates*
                                  SEAN P. GATES
22                                Attorneys for Plaintiff

STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT
CASE NO. 1:14-cv-00198-AWI-SMS                                                                              1
sf-3530050

Dated: April 29, 2015  BRUCE D. PRAET
FERGUSON, PRAET & SHERMAN
A Professional Corporation

By: */s/ Bruce Praet* (as authorized on April 29, 2015)
BRUCE PRAET
Attorneys for Defendants

**IT IS SO ORDERED.**

DATED: 4/30/2015  /s/ SANDRA M. SNYDER
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT
CASE NO. 1:14-CV-00198-AWI-SMS
sf-3530050

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT
CASE NO. 1:14-CV-00198-AWI-SMS
sf-3530050

ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
SAM STEFANKI (CA SBN 293330)
SStefanki@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000

SEAN P. GATES (CA SBN 186247)
SGates@mofo.com
DEBRA URTEAGA (CA SBN 278744)
DUrteaga@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200

Attorneys for Plaintiff
NORBERTO AZUA, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| NORBERTO AZUA, JR.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF PARLIER, a municipal corporation; JONATHAN PIERRO, in his individual capacity; ADOLFO JIMENEZ, in his individual capacity; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION; NEGLIGENCE; BATTERY; ASSAULT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT**<br><br>**[JURY TRIAL DEMANDED]** |

FIRST AMENDED COMPLAINT
CASE NO. 1:14-CV-00198-AWI-SMS
sf-3480149

## INTRODUCTION

1. Norberto Azua, Jr. ("Norberto" or "Plaintiff") was a passenger in a vehicle when he was shot twice in the back by Parlier Police Department officers Jonathan Pierro and Adolfo Jimenez on August 11, 2013. Norberto was unarmed, and no weapons were found on or around him at the time he was shot. He did not pose a threat to anyone. Norberto files this lawsuit seeking to recover damages for the unlawful shooting.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 1983.

3. Venue is proper in the Eastern District of California, under 28 U.S.C. § 1391(b), in that a substantial part of the events and omissions giving rise to Norberto's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff in this case is Norberto Azua, Jr.

5. Defendant City of Parlier is a municipal corporation and a political subdivision of the State of California with the capacity to be sued. The City of Parlier includes the Parlier Police Department.

6. Defendant Jonathan Pierro is, and at all times mentioned herein was, a police officer for the City of Parlier. Officer Pierro is sued individually.

7. Defendant Adolfo Jimenez is, and at all times mentioned herein was, a police officer for the City of Parlier. Officer Jimenez is sued individually.

8. Does 1 through 20, inclusive, are defendants listed under fictitious names because their true names, capacities, and degrees of responsibility for the acts alleged in this complaint are unknown to Plaintiff at this time. When Plaintiff ascertains information regarding the identities of Does 1 through 20, he will amend this complaint accordingly. Plaintiff is informed and believes that Does 1 through 20, inclusive, are legally liable to him in some part for the wrongful acts and omissions of which he complains.

9. Plaintiff is informed and believes that at all times mentioned in this complaint,

each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant. Plaintiff is informed and believes that, in doing the things complained of, each and every defendant was acting within the scope of that agency, service, employment, and/or representation, and that each and every defendant is jointly and severally responsible and liable to Plaintiff for the damages alleged in this complaint.

**GENERAL ALLEGATIONS**

10. On August 11, 2013, at around 2:00 p.m., Norberto was a passenger in a vehicle. While he was inside the vehicle, Parlier Police Department officers began to pursue it. For no apparent justification, at least two officers then fired their weapons at the moving vehicle. No reasonable officer would have fired his weapon in those circumstances.

11. At least two police bullets hit Norberto in his upper and lower back, one of which barely missed his spine.

12. Neither Norberto nor the driver of the vehicle fired any gunshots toward the Parlier Police Department officers during the entire incident, and neither of the men possessed a firearm or had a firearm in the car at the time of the incident.

13. Norberto exited the vehicle in extreme pain, after which three officers of the Parlier Police Department approached him from behind. Based on information and belief, these three officers included Defendant Pierro, Defendant Jimenez, and officer Charles Bolding. At least one of the officers threatened to kill Norberto. Norberto feared for his life and requested that the officers provide him with urgently needed medical attention.

14. After approximately fifteen or twenty minutes, Norberto was finally airlifted by medical helicopter to a Fresno-area hospital. Police officers later discovered that Norberto had no firearm on his person, the driver had no firearm on his person, no firearm was in the vehicle, and no firearm was near the area where the vehicle came to rest.

15. Norberto was charged with four counts of attempted homicide of a police officer and was held in the Fresno County Jail. There was no reasonable basis for charging him with these offenses. After approximately 8 days, these baseless charges were dropped, and Norberto was released.

16. As a direct and proximate result of the acts, omissions, policies, and practices of Defendants, Norberto has accumulated (and continues to accumulate) thousands of dollars in medical expenses. He also has suffered (and continues to suffer) severe emotional and mental anguish and physical pain.

17. At all times and in all actions mentioned in this complaint, Defendants were acting under color of law, under color of their authority, and within the scope of their employment with the City of Parlier.

18. The individual Defendants' conduct was willful, wanton, malicious, oppressive, and in bad faith. Defendants also acted in reckless or callous disregard for Norberto's rights, and intentionally violated state and federal law. Norberto is thus entitled to an award of punitive damages against each Defendant.

19. Plaintiff is informed and believes that the actions of the officers who shot Norberto constitute a grossly disproportionate response to the situation when no reasonable basis exists for the use of deadly force at all. Plaintiff is informed and believes that the Parlier Police Department has, maliciously and with deliberate indifference, taken no effective steps to adopt policies necessary to prevent constitutional violations of using excessive and deadly force in police pursuits; not effectively trained or supervised Parlier police officers with regard to the proper response during police pursuits; and sanctioned and ratified the officers' actions through deliberate or grossly negligent indifference.

## ADMINISTRATIVE PROCEEDINGS

20. Pursuant to California Government Code §§ 910 *et seq.*, Plaintiff timely filed a claim with the City of Parlier on December 17, 2013. The City of Parlier has failed to respond to the claim within 45 days of receiving notice of the claim, as required by the California Government Claims Act. Plaintiff has complied with the claim filing prerequisites of the California Government Claims Act prior to initiating this lawsuit.

## FIRST CAUSE OF ACTION

**(Fourth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983)**

21. Plaintiff re-alleges and incorporates by reference each and every allegation

FIRST AMENDED COMPLAINT
CASE NO. 1:14-CV-00198-AWI-SMS
sf-3480149

3

contained in paragraphs 1 through 20 of this complaint.

22. The individual Defendants used unreasonable and excessive force when they discharged their firearms toward Norberto, striking him with at least two bullets.

23. The individual Defendants' conduct in unjustifiably shooting Norberto violated his Fourth Amendment right to be free from the use of unreasonable and excessive force.

24. Similarly, the individual Defendants' conduct in unreasonably arresting Norberto without probable cause or other justification violated his Fourth Amendment right to be free from unlawful arrest.

25. The foregoing violations of Norberto's constitutional rights occurred as the result of the deliberate, reckless, and malicious acts, omissions, and practices of the City of Parlier. Plaintiff is informed and believes that the City of Parlier has sanctioned and ratified its police officers' actions to use excessive force during police pursuits in unreasonable ways, including in this case; failed to train and supervise its officers properly to ensure they use force only in lawful ways; and acted with deliberate indifference in failing to adopt policies necessary to prevent constitutional violations.

26. These violations are compensable pursuant to 42 U.S.C. § 1983. As a result of Defendants' conduct, Norberto has suffered significant emotional harm, including but not limited to any and all special damages pled below.

## SECOND CAUSE OF ACTION

**(Negligence and Negligent Infliction of Emotional Distress)**

27. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26 of this complaint.

28. The individual Defendants had a legal duty to use due care, a duty they owed to Norberto.

29. The individual Defendants breached this duty by shooting Norberto in the back while he was unarmed. No reasonable officer would have used such force against Norberto under the circumstances.

30. As a proximate and direct result of Defendants' actions, Norberto suffered and

continues to suffer significant physical harm.  Norberto has incurred current and future economic losses, including medical expenses, due to his injuries.  The full amount of these expenses is unknown to Plaintiff at this time.  Norberto is informed and believes, and therefore alleges, that his injuries will result in some permanent physical and mental disability.

31. As a proximate and direct result of Defendants' actions, Norberto also suffered and continues to suffer serious emotional distress.

### THIRD CAUSE OF ACTION

**(Battery)**

32. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31 of this complaint.

33. The individual Defendants used unreasonable force when they discharged their firearms toward Norberto, striking him with at least two bullets.  In doing so, Defendants acted with the intent to initiate contact with Norberto's person.

34. At no time did Norberto consent to any of Defendants' actions.

35. Defendants' actions caused harmful and offensive contact with Norberto's person. As a result of Defendants' actions, Norberto sustained injuries to his health, safety, and person, all of which have caused and continue to cause him great mental, physical, and emotional pain and suffering.  Norberto is informed and believes, and therefore alleges, that his injuries will result in some permanent physical and mental disability.

36. As a result of Defendants' acts, Norberto has incurred and will continue to incur medical and related expenses.  The full amount of these expenses is unknown to Plaintiff at this time.

### FOURTH CAUSE OF ACTION

**(Assault)**

37. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 36 of this complaint.

38. The individual Defendants threatened to touch Norberto in a harmful and offensive manner when they threatened to kill him while he lay on the ground.

39. Because he had already been shot by Defendants at the time they made this threat, Norberto reasonably believed that Defendants were going to shoot him again.

40. Even though he was lying on the ground at the time, Norberto did not consent to being threatened by Defendants in such a manner.

41. Defendants' threats caused Norberto harm, by frightening him and making him fear for his life. Defendants' actions in threatening to kill Norberto were a substantial factor in causing him this harm.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

42. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 41 of this complaint.

43. The individual Defendants used unreasonable force when they discharged their firearms toward Norberto, striking him with at least two bullets. Defendants' conduct in shooting Norberto—and in threatening to kill him as he was lying on the ground in pain—was outrageous.

44. In shooting Norberto and then threatening to kill him, Defendants intended to cause—or recklessly disregarded the probability that they would cause—severe emotional distress to Norberto.

45. As a proximate and direct result of Defendants' conduct, Norberto suffered and continues to suffer severe and extreme mental and emotional distress.

## SIXTH CAUSE OF ACTION

### (False Imprisonment)

46. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 45 of this complaint.

47. The individual Defendants intentionally arrested and imprisoned Norberto for eight days. Norberto did not consent to this imprisonment.

48. No reasonable justification or privilege existed to imprison Norberto for eight days.

FIRST AMENDED COMPLAINT
CASE NO. 1:14-CV-00198-AWI-SMS
sf-3480149

6

**PRAYER**

49. Plaintiff prays for judgment against all Defendants, and against each of them, as follows:

    a. For general damages against all Defendants, jointly and severally, in an amount to be proven at trial;

    b. For special damages against all Defendants, jointly and severally, in an amount to be proven at trial;

    c. For punitive and exemplary damages in an amount to be proven at trial;

    d. For attorneys' fees under 42 U.S.C. § 1988 and the California private attorney general doctrine;

    e. For costs of suit; and

    f. For whatever further relief, including injunctive relief, as may be just and proper.

**JURY DEMAND**

50. Plaintiff hereby demands trial by jury on any and all issues triable by a jury.

Dated: _____, 2015

ARTURO J. GONZÁLEZ
SEAN P. GATES
DEBRA URTEAGA
SAM STEFANKI
MORRISON & FOERSTER LLP

By: _____
    SEAN P. GATES

Attorneys for Plaintiff
NORBERTO AZUA, JR.

FIRST AMENDED COMPLAINT
CASE NO. 1:14-CV-00198-AWI-SMS
sf-3480149

7